**Aroldo Reyes DIAZ, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

**No. 05–71950.**

United States Court of Appeals, Ninth Circuit.

Submitted March 12, 2007.[*]

Filed March 21, 2007.

See also 111 Fed.Appx. 522.

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Victoria L. Francis, Office of the U.S. Attorney, Billings, MT, for Respondent.

Before: KOZINSKI, LEAVY, and BYBEE, Circuit Judges.

---

[*] The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

MEMORANDUM **

Aroldo Reyes Diaz, a native and citizen of Guatemala, petitions for review of the Board of Immigration Appeals' ("BIA") order denying his motion to reopen deportation proceedings. We have jurisdiction under 8 U.S.C. § 1252. We review the denial of motions to reopen for abuse of discretion, and we review questions of law, including ineffective assistance of counsel claims, de novo. *See Mohammed v. Gonzales,* 400 F.3d 785, 791–92 (9th Cir.2005). We deny the petition for review.

In his motion to reopen, Diaz alleges his former counsel provided him with ineffective assistance of counsel by failing to request his case be "repapered." *See Alcaraz v. INS,* 384 F.3d 1150, 1152–53 (9th Cir.2004) (describing the "safety-net provision for aliens rendered ineligible for suspension of deportation because of the retroactive stop-time rule," referred to as repapering relief).

■ The BIA did not abuse its discretion in denying Diaz's motion for failing to comply with the procedural requirements set forth in *Matter of Lozada,* 19 I. & N. Dec. 637, 639 (BIA 1988). The BIA correctly found that Diaz had not provided any evidence that the letters he claimed to have sent to the State Bar of California and his former counsel were in fact filed or served upon the intended recipients. *See Reyes v. Ashcroft,* 358 F.3d 592, 598–99 (9th Cir.2004) (upholding the BIA's denial of a motion for failure to comply with the *Lozada* requirements, where petitioner failed to provide sufficient evidence that he notified his counsel of the allegations against him). Diaz also failed to submit an affidavit with his motion that "set forth in detail the agreement that was entered

into" with his former counsel. *See Azanor v. Ashcroft,* 364 F.3d 1013, 1023 (9th Cir. 2004); *see also Matter of Lozada,* 19 I. & N. Dec. at 639.

The court need not address the remaining arguments related to Diaz's ineffective assistance claim. *See Azanor,* 364 F.3d at 1023 ("[The court] need not reach the merits of [petitioner's] ineffective assistance claim ... because her motion to reopen did not comply with the threshold procedural requirements set forth in *Matter of Lozada.* ").

■ By failing to raise the issue in his opening brief, Diaz waives review of the BIA's conclusion that he is statutorily barred from applying for cancellation of removal because he overstayed his voluntary departure period. *See Martinez–Serrano v. INS,* 94 F.3d 1256, 1259–60 (9th Cir.1996) (holding issues which are not specifically raised and argued in a party's opening brief are waived).

**PETITION FOR REVIEW DENIED.**

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.